IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LOURDES DEL TRANSITO CORNEJO** | * | |
| Plaintiff | * | |
| v. | * | Civil No. **PJM 13-3066** |
| **TACO BAR II, LLC, et al.** | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Lourdes del Transito Cornejo has sued Taco Bar II, LLC and its co-owners and managers, Jose and Teresa Valdivia, alleging that she was not paid minimum wage or the legal overtime rate during certain periods of her employment, in violation of the Federal Fair Labor Standards Act and the Maryland Wage and Hour Act. Defendants filed a Motion to Dismiss, which was denied by the Court. Shortly after discovery began in the case, Defendants filed a Motion for Summary Judgment (Paper No. 12) and a counterclaim for Malicious Use of Civil Process. Cornejo has filed a Motion to Dismiss Defendants' Counterclaim (Paper No. 39) for failure to state a claim. For the reasons that follow, Defendants' Motion for Summary Judgment is **DENIED**, and Plaintiff's Motion to Dismiss Defendants' Counterclaim is **GRANTED**.

I.

According to the Amended Complaint[1], Taco Bar II, LLC ("Taco Bar") is a combination Mexican fast food restaurant and beer and wine store operating in Maryland. Cornejo allegedly worked as a cook for Taco Bar from February 28, 2010 through September 3, 2013, for

---

[1] Cornejo moved to file an Amended Complaint in this Court with the consent of Defendants on February 3, 2014. The Court granted the Motion, and the Amended Complaint was filed the same day. The Amended Complaint adds two counts of Retaliation based upon the counterclaim filed by Defendants, but the facts relevant to the pending Motions have not changed. Despite consenting to that Motion, Defendants have filed a Motion to Dismiss the Amended Complaint.

approximately seventy hours per week. Prior to 2012, Cornejo says she was paid entirely in cash. In 2012, Defendants began paying her partially in cash and partially by check. Cornejo alleges that from October 15, 2010 through January 2012, she was paid below the minimum wage, and not paid overtime wages. She has not asserted any claims based upon her employment from January 2012 through September 2, 2013.

Defendants attach to their Motion for Summary Judgment affidavits from Jose and Teresa Valdivia and current employees, most of whom began work in 2013 and do not know Cornejo. Defendants also submit various accounting and handwritten records that purport to show that Cornejo did not begin working for Taco Bar until August 2012 as a part-time employee. In support of her claim, Cornejo has submitted her own affidavit, one from a former Taco Bar employee, and another from a person who lives with Cornejo, as well as a copy of a notebook in which she allegedly documented her period and hours of employment.

## II.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine dispute is one where the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). A material fact is one "that might affect the outcome of the suit under governing law." *Erwin v. United States*, 591 F.3d 313, 320 (4th Cir. 2010) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When assessing a motion for summary judgment, the court views the record in the light most favorable to the nonmoving party and draws all reasonable inferences in his or her favor. *Dulaney*, 673 F.3d at 330. A nonmoving party may not, however, defeat summary judgment by making assertions lacking

2

sufficient factual support or by relying on a mere "scintilla of evidence." *Am. Arms Int'l v. Herbert*, 563 F.3d 78, 82 (4th Cir. 2009). A party opposing a properly supported motion for summary judgment bears the burden of establishing a genuine issue of material fact on each essential element of its case. *Anderson*, 477 U.S. at 248-49; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party opposing summary judgment "'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003).

"As for the argument that the counterclaim plaintiffs have failed to state claims that entitle them to relief, '[t]he purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Harrison v. Grass*, 304 F. Supp. 2d 710, 712 (D. Md. 2004) (quoting *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir.1999)). When a party moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must evaluate the complaint's sufficiency, viewing all well-pleaded factual allegations as true and construing them in the light most favorable to the plaintiff. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a 12(b)(6) motion a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

### III.

Defendants argue that the affidavits and records attached to their three-page Motion for Summary Judgment suffice to show that Cornejo did not work at Taco Bar prior to August 2012, and at no point worked more than forty hours per week. Cornejo argues in response that there

are discrepancies in the documents submitted by Defendants, that documents submitted by her create issues of material fact, that Defendants' Motion does not cite to the record as required by Fed. R. Civ. P. 56, and that at a minimum, she should be given the opportunity to engage in discovery.

The Court finds Defendants' Motion is premature. In effect, they claim that since there is no record of Cornejo working at Taco Bar prior to August 2012, she in fact did not work there. Cornejo argues that rationally there would be no official record, because she was paid in cash as a way to mask her true employment and salary, and that she continued to be paid partly in cash after August 2012 for the same reason. When viewed in the light most favorable to Cornejo, it is clear that there exists a genuine dispute as to when Cornejo was hired, what hours she worked, and what she was paid for those hours. Discovery may or may not clarify the situation, but certainly Cornejo is entitled to pursue it.

**IV.**

Cornejo filed her Complaint on October 15, 2013. After the Court denied their Motion to Dismiss, Defendants filed an Answer on December 16, 2013. Over a month later, Defendants filed a counterclaim asserting Malicious Use of Civil Process.[2] The Court will grant Cornejo's Motion to Dismiss the Counterclaim.

There are five elements of the Maryland common law tort of malicious use of process, and "all must co-exist to maintain the action." *One Thousand Fleet Ltd. P'ship v. Guerriero*, 694 A.2d 952, 956 (1997) (citation omitted). Defendants must prove:

> First, a prior civil proceeding must have been instituted by the defendant. Second, the proceeding must have been instituted without probable cause. . . . Third, the prior civil proceeding must have been instituted by the defendant with malice. . . .

---
[2] The Court notes that Defendants filed their counterclaim without seeking leave to court to amend their Answer, as required by Rule 15(a)(2), and otherwise failed to comply with the Local Rules regarding amendment of pleadings, such as Local Rule 103.6(d).

Fourth, the proceedings must have terminated in favor of the plaintiff. Finally, the plaintiff must establish that damages were inflicted upon the plaintiff by arrest or imprisonment, by seizure of property, or other special injury which would not necessarily result in all suits prosecuted to recover for a like cause of action.

*Id*. (citations omitted).

Cornejo has moved to dismiss the counterclaim for failure to state a claim because the fourth and fifth elements are not met: Cornejo's claims have not terminated at all, let alone in favor of Taco Bar and the Valdivias, and Defendants only allege damages of attorneys' fees and court costs. Defendants argue in response that they are bound to raise this cause of action as a compulsory counterclaim under Rule 13(a).

But there is no malicious use of process where, as here, the civil proceeding that is alleged to have been instituted without probable cause has not yet been terminated, and where the only damages alleged are attorneys' fees and costs. *N. Point Const. Co. v. Sagner*, 44 A.2d 441, 444 (1945) ("no action will lie for the malicious prosecution of a civil suit when there has been no arrest of the person, no seizure of the property of the defendant, and no special injury sustained which would not ordinarily result in all suits prosecuted for like causes of action.").

**V.**

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Summary Judgment (Paper No. 12) and **GRANTS** Plaintiff's Motion to Dismiss (Paper No. 39).

A separate Order will **ISSUE**.

_____/s/_____<br>
**PETER J. MESSITTE**<br>
**UNITED STATES DISTRICT JUDGE**

**February 24, 2014**