IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LOURDES DEL TRANSITO CORNEJO**, *pro se* | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 13-3066** |
| | * | |
| **TACO BAR II, LLC**, et al. | * | |
| | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Lourdes del Transito Cornejo has sued Taco Bar II, LLC and its co-owners and managers, Jose and Teresa Valdivia, alleging that she was not paid the minimum wage or the legal overtime rate during certain periods of her employment with them, in violation of the Federal Fair Labor Standards Act and the Maryland Wage and Hour Act. Some five months after discovery had commenced, Plaintiff's counsel filed a motion to withdraw, which was granted by the Court. Defendants have since filed a Motion to Dismiss Plaintiff's Complaint (Paper No. 62) due to Cornejo's failure to prosecute her case. For the reasons that follow, the Court will **DEFER** ruling on Defendants' Motion to Dismiss, and **ORDER** Plaintiff to show good cause why this case should not be dismissed without prejudice.

I.

The factual background of this case is set out in the Court's Opinion of February 24, 2014. The following aspects of the case's procedural history are relevant to the issue presently before the Court.

Cornejo, through counsel, actively prosecuted her claims until as recently as May, 2014. After her first Complaint was filed, Defendants filed a Motion to Dismiss, which was opposed by

Cornejo. The Court denied the Motion to Dismiss. Shortly after discovery began, Defendants filed a Motion for Summary Judgment, which was also opposed by Cornejo and also denied by the Court. At the same time, the Court granted Cornejo's Motion to Dismiss Defendants' Counterclaim. After Cornejo was granted leave to file an Amended Complaint, Defendants filed a Motion to Dismiss the Amended Complaint, which the Court denied.

On May 30, 2014, the Motion of Plaintiff's Counsel to Withdraw arrived in Court. Counsel represented to the Court that throughout the litigation, Cornejo had worked closely with him in the prosecution of her claims. He stated, however, that his last communication with Cornejo was on May 8, 2014 and that, since that time, he had lost all communication with her, despite leaving voice messages with her and her emergency contacts, and written correspondence in English and in Spanish requesting that she contact him. Counsel informed the Court that he had reason to believe that Cornejo was no longer residing in the United States and no longer wished to prosecute her claims in this case.

The Court granted the Motion and sent a Letter Order informing Cornejo of its ruling, strongly recommending to her that she "arrange for substitute counsel and have counsel enter his or her appearance within 30 days." (Paper No. 61). No attorney has entered an appearance on behalf of Cornejo, nor has she contacted the Court, including by way of a status report due at the close of the discovery deadline, July 31, 2014. *See* Scheduling Order, Paper No. 11, 52, 53.

Defendants now move to dismiss the case with prejudice. They aver that Cornejo has not in any way contacted counsel for Defendants, and that discovery remains incomplete. Defendants also claim that Cornejo and four other individuals failed to appear for depositions scheduled for May 19, 2014 and again for June 19, 2014, despite being properly noticed. Two additional individuals who purportedly have personal knowledge of Cornejo's employment have

yet to be located. Defendants also claim that certain document requests to Cornejo are outstanding. Cornejo has not responded to the Motion.

## II.

Defendants do not indicate on what grounds they move to dismiss the Amended Complaint, but the Court will construe the Motion as one made pursuant to Federal Rule of Civil Procedure 41(b). Under Rule 41(b), an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (holding that a district court may invoke Rule 41(b) *sua sponte*). Cornejo in this case has failed to respond to Defendants' Motion to Dismiss or otherwise prosecute the action since at least May 8, 2014, when she was last in contact with her former counsel.

The Show-Cause Order that the Court now enters will supply the necessary predicate. If Cornejo or counsel on her behalf fails to respond as ordered, the Court will dismiss the suit, albeit without prejudice.

## III.

For the foregoing reasons, the Court **DEFERS** ruling on Defendants' Motion to Dismiss Plaintiff's Complaint (Paper No. 62) and **ORDERS** Cornejo to show good cause within **14 DAYS** of the entry of this Order as to why the Defendants' Motion to Dismiss should not be granted, and this case dismissed with prejudice.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

August _11_, 2014